IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SUNRISE FRESH PRODUCE, LLC**                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:15-CV-122-KS-MTP**

**EMERALD COAST FINEST PRODUCE
COMPANY, INC.,** *et al.*                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons below, the Court **denies** Plaintiff's Motion to Dismiss [12] for failure to join an indispensable party.

**A.**    *Background*

This is a breach of contract case. Sunrise Fresh Produce, LLC ("Sunrise") purchased certain assets from Emerald Coast Finest Produce Company, Inc. ("Emerald Coast"). The Asset Purchase Agreement [1-2] required Emerald Coast and its owners, Preston Thompson and Connie Thompson, to execute a "Noncompetition Agreement" [1-3]. The Noncompetition Agreement barred Emerald Coast and the Thompsons from selling produce or otherwise competing with Sunrise and its sole member, The Merchants Company ("Merchants"). Sunrise later filed this lawsuit against Emerald Coast and the Thompsons, alleging that they had breached the Noncompetition Agreement. Emerald Coast contends that this case must be dismissed because Sunrise failed to join Merchants, its member corporation and a party to the Noncompetition Agreement.

**B.**    *Discussion*

"Rule 12(b)(7) allows dismissal for 'failure to join a party under Rule 19.'" *HS*

*Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (quoting FED. R. CIV. P. 12(b)(7)). Rule 19 "allows both for joinder of parties who should be present in order to have a fair and complete resolution of the dispute, and the for the dismissal of lawsuits that should not proceed in the absence of parties that cannot be joined." *Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 230-31 (5th Cir. 2009). Therefore, a Rule 12(b)(7) analysis requires two inquiries. *Wingate*, 327 F.3d at 439.

> The court must first determine whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include (1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed.

*Id*. The moving party has the burden of demonstrating the unprotected interests of the absent party. *Id.*, at 439 n. 11.

First, Emerald Coast argues that Merchants Company is an indispensable party to this lawsuit because it was a party to the Noncompetition Agreement and, therefore, must be joined to prevent Defendants from being exposed to a potential second lawsuit. However, there is no apparent danger of a second lawsuit insofar as Merchants has assigned its rights [18-1] under the Noncompetition Agreement to Sunrise. Emerald Coast did not file a reply brief and, therefore, did not attempt to demonstrate that it could be exposed to a second lawsuit in spite of the assignment.

Next, Emerald Coast argues that Merchants Company is an indispensable party

because it must be joined to "resolve the factual allegations of" Defendants' defenses – or, phrased differently, so that Emerald Coast can serve discovery requests on it. Emerald Coast has cited no case holding that an absent party must be joined merely so that it can be subject to the Court's discovery requirements. Regardless, the Court notes that parties are generally permitted to depose and subpoena records from third parties. Accordingly, Emerald Coast has not demonstrated that Merchants' absence will hinder its ability to seek adequate relief.

For these reasons, the Court **denies** Plaintiff's Motion to Dismiss [12] pursuant to Rule 12(b)(7).[1]

SO ORDERED AND ADJUDGED this 6th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] *Calcote v. Wise*, 68 So. 2d 477, 481 (Miss. 1953), the only case cited by Emerald Coast, provides no support for its argument. There, the Mississippi Supreme Court held that the co-grantors of a mineral conveyance were not necessary and indispensable parties to an action by one cotenant to set aside the conveyance as to her interest because the cotenants' interests were separate and distinct. *Id.* at 482.